Belford, J.
This is an action in contract whereby the plaintiff, U.S. Trust Company, seeks $7,919.46 to recover a deficiency balance from the sale of an automobile repossessed from the defendant, Paul Melchiono, for nonpayment.
The matter is before this division upon the appeal of the Barnstable District Court’s failure to grant the plaintiff’s motion to dismiss and the subsequent grant of the defendant’s motion for summary judgment.
The issue before the court is whether the six-year statute of limitations pursuant to M.G.L. Chapter 260, Section 2, or the four-year statute of limitations pursuant to M.G.L. Chapter 106, Section 2-275, applies to retail installment sales of motor vehicles.
The facts in this matter are as follows:
In December of 1988, the defendant purchased a used 1986 GMC Jimmy from Hyannis Auto Sales. The purchase was financed by the plaintiff pursuant to a retail installment sale contract. The defendant failed to maintain payments according to the agreed payment schedule. The plaintiff notified the defendant that it was exercising its right to repossess and sell the collateral to pay the debt. The plaintiff sold the vehicle for $6,325 and, by letter dated March 12, 1990, demanded the defendant pay the deficiency of $5,899.16. In August, 1995, after the defendant failed to pay the deficiency, the plaintiff commenced an action for recovery of the full amount in Barnstable District Court.
The Trial Court applied a six-year statute of limitation and found that the claim was timely filed..
We affirm the decision of the District Court for the following reasons:
The defendant claims that a retail installment sales contract is controlled by the four-year statute of limitations of M.G.L.C. 106, §2-725. Although this is true, the defendant fails to distinguish between the consumer transaction consummated by the execution of the agreement and the security interest established in the automobile. The transaction between Melchiono and Hyannis Auto Sales provided the seller with an assignable mortgage interest in the vehicle. Claims arising under chattel mortgage agreements are covered under M.G.L.c. 106, §9-102 and subject to the six-year statute of limitations of M.G.L.c. 260, §2. Universal Underwriters Insurance Company v. John J. Ross, 1991 WL 35279 (Mass. App. Div.). The obliga *61 tion to provide for the deficiency of a motor vehicle sales contract which has defaulted derives as a separate statutory requirement standing apart from the original consumer transaction. Once the presence of a security interest is established, the aggrieved is given the opportunity to proceed in action on the security agreement or on the underlying contract.
The defendant relies on the lack of a separate promissory note to dissuade the court of the existence of a separate cause of action. Despite the lack of promissory note, this agreement, both by contract and execution, provided for a security interest to be held by the plaintiff and, as such, is governed by U.C.C., Article 9, Secured Transactions. M.G.L.C. 106, §2-102 clearly excludes transactions that are in the form of an unconditional sales contract and are intended to operate as a secured transaction from the purview of Article 2.
It is true that the plaintiff is an assignee of a sales contract between the seller of consumer goods, Hyannis Auto Sales, and the defendant and, as such, has all the defenses afforded to it by the original transaction. However, the assignment of the contract does not create rights that did hot previously exist in the defendant or dissolve the plaintiff’s secured interest in the motor vehicle. The right to a deficiency judgment for amounts in excess of $2,000 is specifically provided for in M.G.L.c. 255B, §20B(d), and c. 106, §2-701 withholds ancillary remedies from limitations imposed by U.C.C. Section 2.
The action was timely filed, and the decision of the Trial Court is hereby affirmed.